THE STATE v. BROSSLER, *Appellant.*

Division Two, June 8, 1897.

**Obtaining Money by False Pretense:** INDICTMENT: PUNISHMENT. The defendant was indicted under section 3564, Revised Statutes 1889, for obtaining by fraud and fraudulent pretenses things of the value of nine dollars, and at the trial his punishment was fixed at two years' imprisonment in the penitentiary. *Held,* that the defendant was charged only with a misdemeanor and his punishment could not be fixed at imprisonment in the penitentiary, *and* such facts being apparent of record, would be considered by this court although no bill of exceptions was filed.

*Appeal from St. Louis Criminal Court.*—HON. HENRY L. EDMUNDS, Judge.

REVERSED AND REMANDED.

*Edward C. Crow,* Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General, for the State.

BURGESS, J.—On the twenty-second day of June, 1896, the defendant was convicted in the criminal court of the city of St. Louis and his punishment fixed at two years' imprisonment in the penitentiary, under an indictment theretofore found by the grand jury of said city for obtaining by fraud and fraudulent pretenses from the St. Vincent de Paul Society, a corporation, one railroad ticket and $1.30 in money, the ticket and money being of the aggregate value of $9.

From the judgment and sentence defendant appeals.

The defendant is not represented in this court. The case was submitted on the record by the State. No bill of exceptions was filed, so that there is nothing before us to be passed upon that does not appear from the record proper. Under the allegations in the indictment defendant was not guilty of a felony, therefore his conviction of felony, and the judgment and sentence fixing his punishment at imprisonment in the penitentiary, are erroneous. By section 3564, Revised Statutes 1889, under which the indictment was drawn, it is provided that, "Every person who, with intent to cheat or defraud another, shall designedly, . . . . . . . by any false pretense, . . . . . . . obtain from any person any money, personal property, right in action or other valuable thing or effects whatsoever . . . . . . . . shall, upon conviction thereof, be punished in the same manner and to the same extent as for *feloniously* stealing the money, property or thing so obtained."

By section 3547, Revised Statutes 1889, it is provided that: "Every person who shall steal, take and carry away any money or personal property or effects of another under the value of thirty dollars, not being the subject of grand larceny without regard to value, shall be deemed guilty of petit larceny, and on convic-

tion shall be punished by imprisonment in the county jail not exceeding one year, or by fine not exceeding one hundred dollars, or by both such fine and imprisonment."

The indictment charges that the money and ticket obtained by defendant were of the aggregate value of $9, so that, if they had been stolen the offense would have been petit larceny, the punishment for which as prescribed by statute is imprisonment in the county jail not exceeding one year, or by fine not exceeding $100, or by both such fine and imprisonment.

The offense with which defendant is charged in the indictment, therefore, is a misdemeanor, and not a felony. The line of demarkation between a felony and misdemeanor under sections 3547 and 3564, lies in the value of the property alleged to have been obtained by reason of false pretenses. If over $30 the offense was a felony, if under that amount it was a misdemeanor.

It follows that the judgment must be reversed, and the cause remanded. GANTT, P. J., and SHERWOOD, J., concur.